KARTHIK K. MURTHY – State Bar No. 343,960
K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 Washington blvd.
Suite 324
Fremont, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

Attorneys for Plaintiff

Surendra Goel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURENDRA GOEL<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, A DELAWARE CORPORATION; AND ZOOM VIDEO COMMUNICATIONS, INC., A DELAWARE CORPORATION<br><br>Defendants. | Case No: 5:23-cv-05806-PCP<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

Page

COMPLAINT FOR PATENT INFRINGEMENT...................................................................... 3

PARTIES ................................................................................................................................... 3

JURISDICTION........................................................................................................................ 3

VENUE ...................................................................................................................................... 4

THE ASSERTED PATENT ...................................................................................................... 5

DEFENDANTS' INFRINGING USE ....................................................................................... 8

MARKING................................................................................................................................. 9

FIRST CLAIM FOR RELIEF ................................................................................................... 9

(Infringement of the '217 Patent)............................................................................................... 9

PRAYER FOR RELIEF .......................................................................................................... 11

DEMAND FOR JURY TRIAL................................................................................................ 11

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Surendra Goel ("Plaintiff" or "Surendra"), for its complaint against Defendant Google LLC ("Google") and Defendant Zoom Video Communications, Inc. ("Zoom") (together "Defendants"), hereby demands a jury trial and alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement of United States Patent No. 11,134,217 ("the '217 Patent") (the "Patent-in-suit"), arising under the patent laws of the United States of America, Title 35 of the United States Code, and seeking damages and other relief under 35 U.S.C. § 271, *et seq*.

**PARTIES**

2. Plaintiff is an individual and resident of Virginia.

3. Defendant Google is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043. A screenshot from Google Maps showing Google at this address is attached as Exhibit 1.

4. Defendant Zoom is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 55 Almaden Blvd., 6th floor, San Jose, CA 95113. A screenshot from https://www.zoom.com/en/contact/?_ga=2.91934682.132142026.1699298181-1150927623.1694721805 is attached as Exhibit 2, and indicates that Zoom's San Jose office is its headquarters. A screenshot from Google Maps showing Zoom's office at this address is attached as Exhibit 3.

5. On information and belief, there may be other corporate affiliates of Defendants who participated in the infringing acts complained of herein. The identities of such affiliates are currently unknown, because publicly available information does not permit the identification of each affiliate who participated in the infringing acts. Plaintiff expects the identities of such affiliates to be revealed in discovery. Plaintiff reserves the right to amend this Complaint to name such affiliates, if necessary, once they have been revealed.

**JURISDICTION**

6. This is an action for infringement of claims of U.S. Patent No. 11,134,217, entitled "System that provides video conferencing with accent modification and multiple video overlaying", which was duly issued by the United States Patent and Trademark Office on September 28, 2021. A true and accurate copy of the '217 patent is attached as Exhibit 4 to this Complaint.

7. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§1331 and 1338(a), because the claims arise under the patent laws of the United States, 35 U.S.C. §§1, *et seq*.

8. This court has personal jurisdiction over Google because Google resides in California. Google resides in California because its principal place of business is in California, at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

9. This court has personal jurisdiction over Zoom because Zoom resides in California. Zoom resides in California because its principal place of business is in California, at 55 Almaden Blvd., 6th floor, San Jose, CA 95113.

10. This Court also has specific personal jurisdiction over Defendants because, on information and belief, Defendants have directly infringed claims 1 and 2 of the '217 patent ("the Asserted Claims") by their sales, offers for sale, and use of Google Meet, Zoom and potentially other products ("the Accused Products") within California, including within this judicial district. On information and belief, Defendants have used the Accused Products to provide data and services to individuals and businesses within California, and within this judicial district. For the reasons set forth below, such use directly infringes the Asserted Claims. Thus, Defendants are subject to specific personal jurisdiction in this district, because Defendants have committed acts of infringement in California, and because Plaintiff's claims arise out of such infringement.

**VENUE**

11. Venue is proper over the Defendants in this judicial district under 28 U.S.C. §§1391 and/or 1400(b), for at least the following reasons:

12. Venue is proper over Defendants because Google resides in this district, because Google's principal place of business is located in this district, at 1600 Amphitheatre Parkway, Mountain View, CA 94043; and Zoom resides in this district, because Zoom's principal place of

4
COMPLAINT

business is located in this district, at 55 Almaden Blvd., 6th floor, San Jose, CA 95113.  See 28 U.S.C. § 1400(b).

13.   Venue is also proper over Defendants because: (i) Google has regular and established places of business in this district, including its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043; (ii) Zoom has regular and established places of business in this district, including its principal place of business at 55 Almaden Blvd., 6th floor, San Jose, CA 95113; and (iii) on information and belief, Defendants have committed direct infringement in this district, including by using Accused Products in connection with its provision of services to customers in this district, and/or by using Accused Products directly within this district.

## INTRADISTRICT ASSIGNMENT

14.   This case is a patent infringement dispute that is appropriate for district-wide assignment. Assignment to the San Jose Division is appropriate because a substantial part of the events that gave rise to the claims asserted in this Complaint occurred in Santa Clara County.

## THE ASSERTED PATENT

15.   Surendra Goel is the sole named inventor of the '217 patent.

16.   On January 11, 2021, Surendra Goel filed with the United States Patent and Trademark Office ("USPTO") Non-Provisional Patent Application no. 17/145,842 (the '842 application) directed to his inventions.   On September 28, 2021, the USPTO issued the '217 patent from the '842 application.

17.   The '217 patent is valid and enforceable.  The '217 patent claims patent-eligible matter.

18.   "The following is an examiner's statement of reasons for allowance: The present invention relates to video conferencing with accent modification and multiple video overlaying".  This is from the August 24, 2021 "Notice of Allowance and Fees Due (PTOL-85)", pdf page 6, in the prosecution of the '217 patent, and can be found here:

1   https://patentcenter.uspto.gov/applications/17145842/ifw/docs

19. The August 24, 2021 "Notice of Allowance and Fees Due (PTOL-85)" is attached as Exhibit 5 to the Complaint.

20. The patentee and the U.S. patent and trademark office reviewed the prior art regarding a system that provides video conferencing with accent modification and multiple video overlaying. The U.S. patent and trademark office found the quoted section above (paragraph 17) to not be disclosed in the prior art, and so that section discloses the inventive concept of the '217 patent.

21. The entire right, title, and interest in and to the '217 patent, including all rights to past damages, rests with the inventor. No assignment needs to be recorded with the USPTO, because without an assignment, title rests with the inventor.

22. The asserted claims of the '217 patent are systems and method claims. One of these is claim 1, an independent system claim. Claim 1 is reproduced below:

> A system that provides video conferencing, comprising:
>
> an option to modify an accent of a user from an original accent to a preferred accent of another user;
>
> an option to merge live video streams of each user into one viewable stream such that each user appears sitting next to each other with a variety of possible backgrounds and seats;
>
> an option for each user to only share part of their screen as opposed to their whole screen;
>
> an option for each user to change the clothing of each user such that it appears the user is wearing different clothing of their choice;
>
> an option for each user to choose the frame that each user is displayed in, such that the user is not stuck in a frame that the user does not want to be in;
>
> an option for each user to display a video on loop instead of the user's realtime video, so that the other users only see the video on loop and do not see the user's realtime video;

| | |
|---|---|
| 1 | the option to merge live video streams of each user into one viewable stream such that |
| 2 | each user appears sitting next to each other with the following potential backgrounds and |
| 3 | seats: |
| 4 | couch, wherein the couch is of a color selected by a user; |
| 5 | seats around a rectangular conference table, wherein the table is of a color selected by a |
| 6 | user; |
| 7 | seats around a circular conference table, wherein the table is of a color selected by a user; |
| 8 | seats in a movie theater, wherein the seats are of a color selected by a user; |
| 9 | seats around a patio table outdoors, wherein the patio table can be transparent or a color |
| 10 | selected by a user; |
| 11 | seats around a table, wherein the images of the seats and table have been uploaded by a |
| 12 | user because a user wants customized images of seats and tables. |

23. The first 4 lines of claim 1 disclose the inventive concept of the '217 patent.

24. Claim 2 is an independent method claim, and is reproduced below:

A method that provides video conferencing, comprising:

an option of modifying an accent of a user from an original accent to a preferred accent of another user;

an option of merging live video streams of each user into one viewable stream such that each user appears sitting next to each other with a variety of possible backgrounds and seats;

an option for each user to only share part of their screen as opposed to their whole screen;

an option for each user to change the clothing of each user such that it appears the user is wearing different clothing of their choice;

an option for each user to choose the frame that each user is displayed in, such that the user is not stuck in a frame that the user does not want to be in;

an option for each user to display a video on loop instead of the user's realtime video, so that the other users only see the video on loop and do not see the user's realtime video;

the option of merging live video streams of each user into one viewable stream such that each user appears sitting next to each other with the following potential backgrounds and seats:

couch, wherein the couch is of a color selected by a user;

seats around a rectangular conference table, wherein the table is of a color selected by a user;

seats around a circular conference table, wherein the table is of a color selected by a user;

seats in a movie theater, wherein the seats are of a color selected by a user;

seats around a patio table outdoors, wherein the patio table can be transparent or a color selected by a user;

seats around a table, wherein the images of the seats and table have been uploaded by a user because a user wants customized images of seats and tables.

25. The first 4 lines of claim 2 disclose the inventive concept of the '217 patent.

### DEFENDANTS' INFRINGING USE

26. On information and belief, Google, Zoom and/or their affiliates, have directly infringed each Asserted Claim of the '217 patent, by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of products depicted on Defendants' websites and sold on third party websites, the Accused Products within the United States, all without authorization or license from Plaintiff within the United States, less than six years before the filing of this Complaint, and prior to the January 11, 2041 expiration date of the '217 patent (the "Relevant Time Period").

27. Google had actual knowledge of the '217 patent at least as of November 6, 2023 when an email regarding this patent was sent to Google.

28. A copy of this November 6, 2023 email is attached as Exhibit 6 to this Complaint. The recipient of the email was Ola Adekunle, Senior Patent Counsel for Google.

29. Zoom had actual knowledge of the '217 patent at least as of October 27, 2023 when messages regarding this patent were sent to Zoom over LinkedIn.

30. A copy of these October 27, 2023 messages are attached as Exhibits 7 and 8 to this Complaint. The recipient of the message in Exhibit 7 was Lopa Sengupta, "Head of Patents at Zoom". The recipient of the message in Exhibit 8 was Jeff True, General Counsel at Zoom.

## MARKING

31. Plaintiff has never made, sold, used, offered to sell, or imported into the United States any article that practices any claim of the '217 Patent. Plaintiff has never sold, commercially performed, or offered to commercially perform any service that practices any claim of the '217 Patent.

32. Plaintiff has never authorized, licensed, or permitted certain third parties to practice the claims of the '217 Patent.

33. Because Plaintiff has never directly marketed any product or service that practices any of the claimed inventions of the '217 Patent, and no third party was authorized to practice any claimed inventions of the '217 patent, 35 U.S.C. § 287(a) cannot prevent or otherwise limit Plaintiff's entitlement to damages for acts of infringement.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '217 Patent)

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-38 above as if fully set forth herein and further alleges:

35. Zoom and Google have committed direct infringement of each Asserted Claim of the '217 patent, in violation of 35 U.S.C. § 271(a), by performing all the steps of each Asserted Claim in the U.S., during the Relevant Time Period.

36. Zoom and Google have infringed and continue to infringe one or more of the claims of the '217 Patent by making, using, selling and offering to sell, and by inducing and contributing to others' infringement through their sales, offers for sale, and use of the Accused Products, all without authorization or license from Plaintiff. Multiple charts providing exemplary evidence of infringement of the '217 patent are attached to this Complaint as Exhibits 9 through 12.

37. On information and belief, Plaintiff alleges Zoom and Google have been, and are currently, infringing the '217 patent in violation of 35 U.S.C. § 271. Zoom and Google's acts of infringement include direct infringement and infringement under the Doctrine of Equivalents.

38. Defendants have continued their infringement despite having notice of the '217 Patent. Defendants have committed and is committing willful and deliberate patent infringement. On information and belief Plaintiff alleges Defendants' acts of willful and deliberate infringement will continue after service of this Complaint, rendering this case appropriate for treble damages under 35 U.S.C. §284 and making this an exceptional case under 35 U.S.C. §285.

39. Zoom and Google have indirectly infringed and continue to infringe at least claims 1 and 2 of the '217 patent by inducement under 35 U.S.C. 271(b). Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claims 1 and 2 of the '217 patent.

40. Upon information and belief, Zoom and Google knowingly induced customers to use its Accused Products, including, for example, by promoting such products online (e.g., www.Zoom.us and meet.google.com) and/or providing customers with instructions and/or manuals for using the Accused Products. Likewise, Zoom and Google knowingly induced online retailers to market and sell the Accused Products.

41. On information and belief, Defendants have contributed to the infringement of at least claims 1 and 2 of the '217 patent by the use and/or importation of the Accused Products in violation of 35 U.S.C. § 271(c). The Accused Products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

42. Plaintiff is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the '217 Patent.

43. Defendants' acts of infringement are and have been without Plaintiff's permission, consent, authorization or license. Defendants' acts of infringement have caused and continue to cause damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

44. As a direct and proximate result of Defendants' infringement of the '217 Patent, Plaintiff has, and will suffer, monetary damages and irreparable injury. Plaintiff's monetary damages include, without limitation, lost profits, or at a minimum, the right to recover a reasonable royalty. Furthermore, unless Defendants are enjoined by this Court from continuing its infringement of the '217 Patent, Plaintiff has, and will suffer, additional irreparable damages and impairment of the value of its patent rights. Thus, an injunction against further infringement is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against each Defendant as follows:

A. That each Defendant has infringed and is infringing the '217 Patent;

B. That such infringement is willful;

C. That each Defendant be ordered to pay Plaintiff damages caused by said Defendant's infringement of the '217 Patent and that such damages be trebled in accord with 35 U.S.C. § 284, together with interest thereon;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff be awarded reasonable attorney's fees and costs; and

E. That Plaintiff shall have such other and further relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, Surendra Goel, hereby demands a jury trial on *all* of his claims, causes of action and issues that are triable by jury.

Dated: January 12, 2023                                  **MURTHY PATENT LAW INC.**

                               By: /s/ Karthik K. Murthy
                                   Karthik K. Murthy
                                   K@MurthyPatentLaw.com
                                   3984 Washington Blvd.
                                   Suite 324
                                   Fremont, CA 94538
                                   Telephone: (425) 968-5342
                                   Facsimile: (425) 215-0247

                                   *Attorneys for Plaintiff*
                                   Surendra Goel